Catherine Cabalo, Esq. (CA Bar No. 248198)
Peiffer Rosca Wolf Abdullah Carr & Kane
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.766.3592
Facsimile: 415.402.0058
Email: ccabalo@prwlegal.com

*Attorneys for Plaintiff*
*Grace E. Smith*

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE E. SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARKET ON MARKET LLC dba THE MARKET; SRI NINE MARKET SQUARE LLC; and DOES 1-10, Inclusive,<br><br>　　　　Defendants. | Case No.<br><u>Civil Rights</u><br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES<br><br>1. Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq.*)<br>2. Violations of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*; California Health & Safety Code §§ 19955 *et seq.*)<br>3. Violations of the California Unruh Act (Cal. Civil Code § 51 *et seq.*) |

　　　COMES NOW Plaintiff GRACE E. SMITH (sometimes "Plaintiff" or "Ms. Smith") on behalf of herself and all other similarly situated disabled and associated persons in this civil rights action, and hereby complains of defendants MARKET ON MARKET LLC dba THE MARKET; SRI NINE MARKET SQUARE LLC and DOES 1-10 (together "Defendants") as follows:

1
Complaint

# INTRODUCTION

1.      This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as "The Market," located at or about: 1355 Market Street, San Francisco, California 94013 (hereinafter the "The Market").

2.      Plaintiff GRACE E. SMITH is mobility disabled and requires the use of a wheelchair.  On or about October 30, 2015, she decided to explore The Market, a brand new grocery store and food court, to grab lunch.

3.      The configuration of the Market denies "full and equal" access required by Title III of the Americans with Disabilities Act of 1990, and supplementary State civil rights laws.  As a result, Plaintiff has been continuously denied access and/or deterred from visiting the Market during the two years preceding the filing of this Complaint, suffered a denial of her rights to due process, was embarrassed and humiliated, and suffered statutory and general damages.  Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive relief for "full and equal access" and statutory damages under California law.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

# JURISDICTION AND VENUE

4.      This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under

California law, including but not limited to violations of Health & Safety Code §§ 19953-19959; California Civil Code §§ 51, 52, 54, 54.1, and 54.3; and Title 24 California Code of Regulations.

5. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6. This case should be assigned to the San Francisco Division of the Northern District of California, as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

7. At all times relevant to this Complaint, Plaintiff GRACE E. SMITH is qualified as a "person with a disability," as this term is used under California law and under federal laws, including but not limited to Title III of the ADA. Ms. Smith has cerebral palsy and requires the use of a wheelchair for mobility. She also possesses a disabled parking placard and/or license plate issued by the State of California, entitling her to park in designated accessible and van-accessible parking spaces.

8. Defendants MARKET ON MARKET LLC dba THE MARKET; SRI NINE MARKET SQUARE LLC; and DOES 1-10 are the owners, operators, lessors, and lessees, of the businesses, properties, facilities, and/or portions thereof in retail space of the new Twitter building on Market, located at or about 1355 Market Street, San Francisco, California 94013 (previously referred to as "The Market"). The Market is a full-service food complex, offering prepared food, fresh produce, and groceries. Upon information

and belief, The Market opened in January 2015, but approximately a year ago, The Market shifted its focus, scaling back on groceries and instead repositioning itself as a Ferry Building-style food hall.  On its website (www.visitthemarket.com/about-the-market), The Market describes itself as "a local hub where you can grab a quick, gourmet bite and plan to run into your neighbors.  It's how you turn your city into your community."  The Market offers many prepared food options, including a traditional café, creperie, sushi/oyster bar, taco bar, poke bar, tapas bar, pizzeria, juice bar, sandwich bar and hot bar/salad bar.  Able-bodied patrons have their choice of several seating options to enjoy their meal at The Market.  However, most of these seating areas are not fully accessible to wheelchair users, per state and federal laws.

9.      The true names or capacities, whether individual, corporate, associate, or otherwise of defendants DOES 1-10 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is in some manner legally responsible for the events and happenings herein referred to, which caused injury and damages to Plaintiff as herein alleged.  Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

10.     Plaintiff is informed and believes, and on such information and belief alleges, that at all times mentioned herein, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common

enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.  All actions alleged herein were done with the knowledge, consent approval and ratification of each of the Defendants herein, including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

11.     The Market, including but not limited to its entrances/exits, wayfinding signage, seating, interior paths of travel, and checkout/point-of-sale counters are each a "public accommodation" and part of a "business establishment," subject to the requirements of multiple categories of § 301(7) of the ADA (42 U.S.C. § 12181(7)), of California Health & Safety Code §§ 19953 *et seq.*, of California Civil Code §§ 51 *et seq.*, and of California Civil Code §§ 54 *et seq.*  On information and belief, the Market has, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting the facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq.*, and as to alterations since January 26, 1993, to the disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183).  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations.  On information and belief, construction of the Market was completed in 2014 and it opened its doors to the public in January 2015.  However, this new food market lacks many required accessible features.  Further, irrespective of the construction and alteration history, removal of many of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III

of the ADA.

12. Plaintiff has visited the Market as a paying customer multiple times in the last two years and encountered numerous barriers that interfered with, if not outright denied, her ability to use and enjoy the goods, services, privileges and accommodations offered at The Market.

13. On October 30, 2015, Plaintiff decided to explore The Market, wanting to check out the brand new food hall in the area. She approached the self-serve hot food/salad bar but could create and purchase food from this area only after receiving assistance from an employee of The Market. Plaintiff was unable to reach certain items from the hot food/salad bar without assistance. After purchasing her lunch, Plaintiff tried to find seating to eat her food, but there was no wheelchair-accessible seating in any section of The Market. She traversed the entire store, but all the tables were high café tables or counters with bar stool seating. She was forced to eat her salad on her lap. After finishing her lunch alone, unable to access communal tables, she had difficulty locating an accessible restroom, as The Market had no directional signage indicating where the accessible restrooms were located and the restrooms she found were locked. Embarrassed and humiliated by her experience, she left The Market after eating her lunch.

14. Plaintiff alleges continuous and ongoing discrimination. She has been injured by being deterred from visiting the Market and incidents occurring after the filing of this Complaint to the time of final judgment.

15. The barriers described above in paragraphs 13 and 14 are only those that

Plaintiff personally encountered. She is presently unaware of other barriers which may in fact exist at the Market and relate to her disabilities. She will seek to amend this Complaint once such additional barriers are identified as it is his intention to have all barriers which exist at the Market and relate to her disabilities removed to afford her full and equal access.

16.   Defendants knew, or should have known, that these elements, areas, and policies of The Market were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers without much difficulty or expense, and make The Market accessible to the physically disabled. To date, however, Defendants refuse to remove those barriers.

17.   Plaintiff's goal in this suit is a positive one: to make The (recently-constructed) Market available to all persons alike, regardless of their physical condition.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE ADA, TITLE III**
**[ 42 U.S.C. §§ 12101 *et seq.*]**

18.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 17 of this Complaint, and incorporate them herein as if separately repled.

19.   In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities

continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous . . . ." 42 U.S.C. § 12101.

20. In passing the ADA, Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

42 U.S.C. § 12101(b).

21. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 *et seq.* The Market is among the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to "a restaurant, bar, or other establishment serving food or drink," (see 42 U.S.C. § 12181(7)(B)).

22. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any

person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq*.

23. Plaintiff alleges on information and belief that The Market was designed and constructed (or both) after January 26, 1993 – independently triggering access requirements under Title III of the ADA.  The ADA prohibits designing and constructing

facilities for first occupancy after January 26, 1993 that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).  Here, Defendants violated the ADA by designing and constructing (or both) The Market in a manner that made it not readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

24.     The removal of each of the barriers complained of by Plaintiff as herein alleged, were at all times herein mentioned "readily achievable" under the standards §§ 12181 and 12182 of the ADA.  As noted throughout this Complaint, removal of each and every one of the architectural barriers complained of herein was also required under California law.  Plaintiff alleges on information and belief that The Market was modified after January 26, 1993.  Any alterations, structural repairs or additions since January 26, 1993 have independently triggered requirements for removal of barriers to access for disabled persons per § 12183 of the ADA.  If removal of any physical barrier is found to be "not readily achievable," Defendants still violated the ADA, per § 12182(b)(2)(A)(v), by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

25.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).  Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at The Market, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, and accommodations.

26.     On information and belief, as of the date of Plaintiff's encounters regarding events at The Market and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access

and which discriminate against her on the basis of her disability, thus wrongfully denying to her the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA.  42 U.S.C. §§ 12182 and 12183.

27.     Pursuant to the ADA, 42 U.S.C. 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as she is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that she is about to be subjected to discrimination.  Pursuant to § 12188(a)(2), "Injunctive relief.  In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter."

28.     Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the ADA.  She is a qualified disabled person for purposes of § 12188(a) of the ADA who is being subjected to discrimination based on disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the subject facilities.

WHEREFORE, Plaintiff requests additional relief as outlined below.

**SECOND CAUSE OF ACTION:
VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
[Cal. Civil Code §§ 54 *et seq.* and
California Health and Safety Code §§ 19955 *et seq.*]**

29.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 28 above, and

incorporate them herein by reference as if separately repled hereafter.

30. The Market is a public accommodation under the California Disabled Persons Act ("DPA"). Cal. Civil Code § 54.1.

31. Plaintiff and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 *et seq.*

32. California Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief, the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to The Market. Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of construction and alterations which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect.

33. As fully explained above in paragraphs 13 & 14, Ms. Smith experienced numerous barriers to access at The Market, which caused her major difficulty, discomfort and embarrassment. Ms. Smith suffered physical, mental and emotional damages, all to her general, statutory and treble damages, according to proof.

34. On information and belief, the access features of The Market have not been improved since Ms. Smith's visit on October 30, 2015.

35. Further, on information and belief, The Market and its premises are also illegally inaccessible in multiple other respects. The barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by her access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008). These barriers to access render The Market and its premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Ms. Smith prays leave to amend this Complaint to obtain full injunctive relief.

36. Further, each and every violation of the ADA (as pled in the First Cause of Action, *supra*, the contents of which are repled and incorporated herein as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 54.3.

37. Further, each and every violation of the ADA (as pled in the First Cause of Action, *supra*, the contents of which are repled and incorporated herein as if separately

repled), also constitutes a separate and distinct violation of California Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 54.3.

38. Under the DPA, individuals with disabilities have the same right as "the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Cal. Civil Code §§ 54 and 54.1.

39. Defendants violated the DPA by their acts and omissions, as follows:

   A. Failure to construct and/or alter The Market in compliance with state building code and state architectural requirements;

   B. Failure to modify its policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services at The Market;

   C. Violation of the ADA, a violation of which is a violation of the DPA. Cal. Civ. Code §§ 54(c) and 54.1(d).

40. TREBLE DAMAGES: On information and belief, Defendants have continued their illegal and discriminatory policies and practices despite actual knowledge that people with physical mobility disabilities, including Plaintiff, attempt to patronize The Market and encounter illegal barriers when they do so.

41. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and policies and practices at their facilities violated disabled access requirements and standards, and had a

discriminatory affect upon Plaintiff and upon other physically disabled persons, but Defendants have failed to rectify the violations, and presently continue a course of conduct in maintaining policy and architectural barriers that discriminate against Ms. Smith and similarly situated disabled persons.  Plaintiff therefore prays for an award of treble damages to assist in enforcement of access requirements.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CAUSE OF ACTION:
### VIOLATION OF UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 *et seq.*]

42.	Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 41 above, and incorporates them herein by reference as if separately repled hereafter.

43.	The Unruh Civil Rights Act, California Civil Code 51(b), provides that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

44.	Defendants are business establishments within the meaning of the Unruh Act. Defendants are the owners and operators of business establishments.

45.	Defendants violated the Unruh Act by their acts and omissions, as follows:

	A.	Failure to construct and/or alter The Market in compliance with state building code and state architectural requirements;

      B.     Failure to modify their policies and procedures as necessary to ensure Plaintiff full and equal access to its accommodations, advantages, facilities, privileges, or services at The Market;

      C.     Violation of the ADA, a violation of which is violation of the Unruh Act. Cal. Civil Code § 51(f).

46. Defendants' behavior was intentional: Defendants were aware of and/or were made aware of their duties to refrain from establishing discriminatory policies and barriers preventing physically disabled persons from accessing their facilities, prior to the filing of this Complaint.

47. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully-accessible facilities for Plaintiff and other persons with mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendants:

2.   Issue a declaratory judgment that Defendants' actions, omissions, and failures, including but limited to: failing to construct and modify the premises in compliance with the law and failing to make reasonable accommodations and reasonable modifications for Plaintiff and other similarly situated disabled persons violate the rights of Plaintiff and other similarly situated persons under 42 U.S.C. §§ 12101 *et seq.* and the regulations promulgated thereunder; 29 U.S.C. § 794; California Government Code § 11135; California Health & Safety Code §§ 19955-19959; and California Civil Code §§ 51 *et seq.* and 54 *et seq.*

3.   Issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with it:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
   b. To modify the above-described facilities and procedures to provide full and equal access to persons with physical disabilities, including without limitation the removal of all barriers to access where "readily achievable";
   c. To maintain such accessible facilities and procedures once they are provided;
   d. To train Defendant's employees and agents in how to accommodate the rights and needs of physically disabled persons;
   e. To implement nondiscriminating protocols, policies, and practices for accommodating persons with mobility disabilities.

4.   Retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

7. Award prejudgment interest pursuant to California Civil Code § 3291;

8. Grant such other and further relief as this Court may deem just and proper.

Dated: December 30, 2016          PEIFFER ROSCA WOLF ABDULLAH CARR & KANE

                                  *s/* Catherine Cabalo
                                  BY: CATHERINE CABALO
                                  Attorneys for Plaintiff
                                  GRACE E. SMITH

## DEMAND FOR JURY

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: December 30, 2016          PEIFFER ROSCA WOLF ABDULLAH CARR & KANE

                                  *s/* Catherine Cabalo
                                  BY: CATHERINE CABALO
                                  Attorneys for Plaintiff
                                  GRACE E. SMITH